Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7807 | **DATE** | 7/15/2002 |
| **CASE TITLE** | GARY L. CARR vs. VLG. OF WILLOW SPRINGS,et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim [8-1] is denied.   Status hearing set for 7/26/02 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 JUL 15 PM 4:27

Date/time received in
central Clerk's Office

GARY L. CARR,                                    )
                                                 )
   Plaintiff,                     )
                                                 )  **Judge Ronald A. Guzmán**
 v.                                          )
                                                 )  **01 C 7807**
VILLAGE OF WILLOW SPRINGS,                       )
and WILLOW SPRINGS CHIEF OF                      )    **DOCKETED**
POLICE, JEROME SCHULTZ, in his                   )
individual and official capacities,              )    ˈJUL 1 6 2002
                                                 )
   Defendants.                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary L. Carr ("Carr") has sued the Village of Willow Springs ("Willow

Springs"), and its Chief of Police, Jerome Schultz ("Schultz") pursuant to 42 U.S.C. § 1983 for

the alleged deprivation of his right to equal protection as provided by the Fourteenth Amendment

to the U.S. Constitution. Defendants have moved to dismiss the Complaint pursuant to Federal

Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the reasons provided in this

Memorandum Opinion and Order, the Court denies defendants' motion to dismiss.

## Facts

Carr is a Willow Springs police officer. (Compl. ¶ 4.) Schultz, as Chief of Police, is

Willow Springs' highest ranking police official and makes final policy-making decisions for

Willow Springs. (*Id.* ¶¶ 6-7.) Carr has sued Schultz in his individual and official capacities. (*Id.*

¶ 7.) Carr alleges that Schultz intentionally subjected him to less favorable terms and conditions

of his employment than similarly situated police officers under his command, and neither Schultz

nor Willow Springs can assert a rational basis for the difference in treatment. (*Id.* ¶ 10.)

According to Carr, Schultz acted with a discriminatory motive when he subjected him to

unwarranted suspensions without pay, a demotion from detective to patrol officer, and a

publicized order for Carr to submit to a psychological evaluation. (*Id.* ¶ 11.) Schultz allegedly

perceived Carr as a formidable and popular candidate for the position of Chief of Police. (*Id.*)

Schultz's reasons for the unwarranted discipline were unrelated to any legitimate state objective.

(*Id.* ¶ 12.)

## Discussion

Defendants have moved to dismiss the Complaint for lack of jurisdiction and for failure

to state a claim. Defendants' motion, which also serves as the memorandum in support, consists

of eleven sentences. Although not always the case, the lack of substance in defendants' motion

mirrors its lack of merit.

When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial

attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the sufficiency of the

complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's

subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir.

1993). If defendant makes a facial attack, the "allegations are taken as true and construed in a

light most favorable to the complainant." *Id.* "If the Rule 12(b)(1) motion denies or controverts

the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the

factual basis for the court's subject matter jurisdiction." *Id.* When making a factual attack, "the

allegations in the complaint are not controlling, and only uncontroverted factual allegations are

2

accepted as true for purposes of the motion." *Id.* (citations omitted). "The Court may weigh the evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." *Board of Trustees of Pipe Fitters' Welfare Fund Local 597 v. Adams*, No. 97 C 5592, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

Defendants' appear to launch a factual attack on jurisdiction because they argue Carr's characterization of this case as ripe for judicial review is incorrect. Of course, Carr disagrees and, as it turns out, with good reason.

Defendants argument rests on the premise that a section 1983 equal protection claim is unripe if the plaintiff is still engaged in appellate procedures for disciplinary actions. This argument is without merit.

In *Patsy v. Board of Regents of the State of Florida*, a case in which an applicant for employment brought a section 1983 equal protection claim against a state university and the employer moved to dismiss for failure to exhaust available state administrative remedies, the Supreme Court held that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." 457 U.S. 496, 516 (1982). Defendants have provided no case law to support that an exception to the Supreme Court's holding in *Patsy* applies in this case, and the Court finds none. Accordingly, the Court denies defendants' Rule 12(b)(1) motion.

Next, defendants move to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the court accepts the "well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the

3

plaintiff." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If the complaint fails to allege an element necessary to obtain relief, dismissal is appropriate. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). However, if relief could be granted under any set of circumstances consistent with the allegations set forth in the complaint, dismissal is improper. *Conley*, 355 U.S. at 45-46.

Defendants argue the Complaint must be dismissed for two reasons: (1) if and when Willow Springs Police Department issues its decision on the Carr's appeal of several disciplinary actions, he will be collaterally estopped from bringing any claim that he did not raise during the administrative review process; and (2) Carr fails to allege an equal protection violation because he has failed to assert he is a member of any protected class. The Court addresses each in turn.

First, defendants argue that if the Willow Springs Police Department issues a decision on Carr's appeal of certain disciplinary decisions, Carr is collaterally estopped from bringing any claim that he did not raise during the administrative review process.

> Under Illinois law, collateral estoppel requires that: (1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) *there be a final judgment on the merits*; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action.

*Kalush v. Deluxe Corp.*, 171 F.3d 489, 493 (7th Cir. 1999) (emphasis added).

As defendants concede, Carr has not yet presented his case to the Village President regarding his disciplinary actions. Accordingly, there have been no issues decided in a prior

4

adjudication, and clearly there has been no final judgment on the merits. Therefore, the elements of collateral estoppel have not been satisfied.

The Court finds defendants' second argument, that the Complaint fails to state a claim because Carr does not allege that he is a member of a protected class, equally unavailing. Since a class of one is likely to be the most vulnerable of all, the equal protection clause does not require that the plaintiff be a member of a class because "[i]f the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him, the individual ought to have a remedy in federal court." *Esmail v. Macrane*, 53 F.3d 176, 179-80 (7th Cir. 1995). Thus, absent a fundamental right or a suspect class, to allege a viable claim, plaintiff must allege "governmental action wholly impossible to relate to legitimate governmental objectives." *Forseth v. Village of Suffex*, 199 F.3d 363, 371 (7th Cir. 2000) (quoting *Esmail*, 53 F.3d at 180); *see Hager v. City of West Peoria*, 84 F.3d 865, 872 (7th Cir. 1996). In other words, plaintiff must simply allege that he was treated differently and that the defendant's actions were irrational, arbitrary, and even vindictive. *Olech v. Village of Willowbrook*, 160 F.3d 386, 388 (7th Cir. 1998), *aff'd*, 528 U.S. 562 (2000).

In this case, Carr does not allege that he was a member of a class, but alleges he was singled out by Chief Schultz for unwarranted discipline because of his personal animosity toward Carr since he perceived Carr as a formidable and popular candidate, *i.e.*, competition, for the Chief of Police position. This allegation, in and of itself, is sufficient to state a claim of a violation of Carr's right to equal protection because he alleges that Schultz's vindictive treatment was not related to a legitimate objective.

In sum, Carr is not collaterally estopped from bringing his section 1983 claim, and the

5

allegations in the Complaint are sufficient to state a claim of an equal protection violation. Thus, the Court denies defendants' Rule 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim [doc. no. 8-1].

**SO ORDERED**

**ENTERED:**

**HON. RONALD A. GUZMAN**
**United States Judge**

July 15, 2002